# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration: *Certain Softwood Lumber Products From Canada: Final Affirmative Countervailing Duty Determination*, NAFTA Secretariat No. ECC-2006-1904-01USA<br><br>ONTARIO FOREST INDUSTRIES ASSOCIATION 20 Toronto Street, Suite 950, Toronto, Ontario M5C 2B8;<br><br>ONTARIO LUMBER MANUFACTURERS ASSOCIATION, 210 - 65 Queen St. W., Toronto, Ontario M5H 2M5;<br><br>Petitioners,<br><br>and<br><br>GOVERNMENT OF CANADA; STEPHEN HARPER, PRIME MINISTER OF CANADA; DAVID EMERSON, MINISTER OF INTERNATIONAL TRADE; Respondents. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PETITION TO COMPEL ARBITRATION

1.      Petitioners, the Ontario Forest Industries Association ("OFIA"), headquartered at 20 Toronto Street, Suite 950, Toronto, Ontario M5C 2B8, and the Ontario Lumber Manufacturers Association ("OLMA"), located at 210 - 65 Queen St. W., Toronto, Ontario M5H 2M5, (collectively "Petitioners") bring this Petition to Compel Arbitration *In the Matter of Certain Softwood Lumber Products from Canada: Final*

*Affirmative Countervailing Duty Determination*, NAFTA Secretariat No. ECC-2006-1904-01USA, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 201, et seq.

## PARTIES

2.      Petitioner OFIA is a trade association, whose members produce softwood lumber and other forest products in the Province of Ontario, Canada and export softwood lumber products to the United States for which they are importers of record of products that are subject to the countervailing duty order against certain softwood lumber products from Canada.

3.      Petitioner OLMA is a trade association representing the interests of Ontario's independently-operated, non-integrated sawmills.  Its members also produce softwood lumber and other forest products in the Province of Ontario, Canada and export softwood lumber products to the United States for which they are importers of record for products that are subject to the countervailing duty order against certain softwood lumber products from Canada.

4.      Respondent, the Government of Canada, is a party to the North American Free Trade Agreement ("NAFTA"), which contains in Article 1904 and in the rules promulgated by the NAFTA signatories, the arbitration agreement that is the subject of this action.

5.      Respondent, Stephen Harper, is the Prime Minister of Canada.  Prime Minister Harper has ultimate authority to direct Government of Canada officials to appoint members of the ECC on Canada's behalf.

6.     Respondent, David Emerson, is the Minister of International Trade for Canada and directs International Trade Canada, the department of the Government of Canada that is responsible for appointing members to the ECC.

## STATEMENT AS TO JURISDICTION

7.     Petitioners seek to compel the Government of Canada to arbitrate pursuant to NAFTA Article 1904, which falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention").  *See* 9 U.S.C. § 202.

8.     This action, therefore, arises "under the laws and treaties of the United States" and this Court has original jurisdiction pursuant to 9 U.S.C. § 203.

9.     This Court is the proper venue because the arbitration proceedings for which Petitioners seek an order to continue were initiated and should continue in Washington D.C.

10.     Respondents are subject to the jurisdiction of the courts of the United States in this action pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a)(1) and (a)(6).

## FACTS

11.     The U.S. Department of Commerce ("Commerce") issued a final affirmative countervailing duty determination in its investigation of *Certain Softwood Lumber Products from Canada*.  *See Notice of Final Affirmative Countervailing Duty*

*Determination and Final Negative Critical Circumstances Determination: Certain Softwood Lumber Products from Canada*, 67 Fed. Reg. 15545 (April 2, 2002).  OFIA and OLMA were interested parties in the proceedings before Commerce.  Commerce imposed a countervailing duty order on softwood lumber from Canada on May 22, 2002.  *See Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order: Certain Softwood Lumber Products from Canada*, 67 Fed Reg. 36070 (May 22, 2002).

12.    The Government of Canada, OFIA, OLMA and other government and private parties challenged Commerce's affirmative countervailing duty determination as unlawful by seeking review before binational arbitration panels, in accordance with Article 1904 of the North American Free Trade Agreement ("NAFTA") and 19 U.S.C. § 1516a(g)(8).  OFIA and OLMA filed their own notices of appearance, filed their own complaints, and were interested parties in the proceedings as defined by the NAFTA Article 1904 Panel Rules.  *See* Rule 3 ("interested person") of NAFTA Article 1904 Rules.

13.    The Governments of Canada and the United States appointed panelists to a NAFTA Article 1904 binational panel (the "CVD Panel"), convened by the governments at the request of OFIA, OLMA and others, to review Commerce's countervailing duty determination.

14.    The CVD Panel held that Commerce's methodology and calculations for determining whether alleged timber subsidies conferred a countervailable benefit on Canadian lumber were unsupported by substantial evidence and otherwise not in accordance with law.  *See, e.g., In the Matter of Certain Softwood Lumber Products*

4

*From Canada, Final Affirmative Countervailing Duty Determination*, Secretariat File No. USA-CDA-2002-1904-03, Decision of the Panel (Aug. 13, 2003). Thus began a cycle of NAFTA panel decisions and agency determinations upon remand.

15.    After four years of litigation, Commerce finally reversed its original affirmative determination and issued a Fifth Remand Determination finding that the countervailable subsidy rate was *de minimis*. *See In the Matter of Certain Softwood Lumber Products From Canada: Final Affirmative Countervailing Duty Determination*, Secretariat File No. USA-CDA-2002-1904-03, Fifth Remand Determination (Nov. 22, 2005). The Panel affirmed Commerce's determination on March 17, 2006. *See Certain Softwood Lumber Products from Canada: Final Affirmative Countervailing Duty Determination*, Secretariat File No. USA-CDA-2002-1904-03, Decision of Panel on the Fifth Remand Determination (Mar. 17, 2006). The CVD Panel affirmed Commerce's Fifth Remand Determination, finding that the subsidy rate on softwood lumber from Canada was *de minimis*. *Id*. at 4, 8.

16.    The U.S. Section of the NAFTA Secretariat issued on March 28, 2006 a Notice of Final Panel Action in the arbitration. *See* Memo For Participants, Panelists and Assistants, Parties to the Agreement, Canadian and Mexican Secretaries from Caratina L. Alston, United States Secretary, Notice of Final Panel Action (Mar. 28, 2006).

17.    The Panel's March 17, 2006 decision would have become final and conclusive on April 28, 2006, and Commerce would have been required by law to revoke the countervailing duty order. The United States, however, extended the arbitration proceedings under NAFTA Article 1904 by filing a request on April 27, 2006

that an Extraordinary Challenge Committee ("ECC") review the NAFTA panel's decision. *See Certain Softwood Lumber Products from Canada: Final Affirmative Countervailing Duty Determination*, Secretariat File No. ECC-2006-1904-01USA, Request for an Extraordinary Challenge Committee (Apr. 27, 2006). On that same day, the United States and the Government of Canada declared jointly, and without citation to any authority, that the two governments were "suspending" the ECC proceedings. *See* Transcript of Remarks by USTR Portman, Minister Emerson and Minister Bernier at the Softwood Lumber Agreement Announcement (Apr. 27, 2006), *available at* http://www.ustr.gov/ Document_Library/ Transcripts/2006/ April/Transcript_of_Remarks_by_USTR_Portman,_Minister_Emerson_Minister_Bernier_ _at_the_Softwood_Lumber_Agreement_Announcement.html ("With regard to the ECC, in order to preserve our legal rights, the United States did today file an Extraordinary Challenge Committee which is an appeal of a recent NAFTA decision but we did so in agreement with the Canadians. We agreed to suspend the ECC as soon as we filed.").

18.    OFIA and OLMA filed Notices of Appearance in the ECC proceeding on May 5, 2006. The Government of Canada, provincial governments, and other Canadian private parties also filed Notices of Appearance on May 8, 2006. Like Canada, OFIA and OLMA are "participants" in the ECC proceedings according to Rule 3 of the ECC Rules ("'participant' means ... (b) a person who participated in the panel review that is the subject of the extraordinary challenge ...").

19.    NAFTA Annex 1904.13 required Canada and the United States to establish an ECC to review the CVD Panel's decision by appointing three members no later than May 12, 2006. *See* NAFTA Annex 1904.13(1)(requiring the ECC to be

established within 15 days of the extraordinary challenge request). Canada was required to appoint one member from the ECC roster, the United States a second member, and the third member was to be selected from the ECC roster by lot. *See id*. When the time for appointment came, neither Canada nor the United States appointed anyone.

20.    Instead, the governments formalized their prior declaration by submitting a letter to the NAFTA Secretariat stating that they had agreed that the ECC arbitration proceedings would be suspended. *See* Letter from Hugh Cheetham and William L. Busis to Ms. Caratina L. Alston (May 11, 2006) at Exhibit A.

21.    Canada and the United States then directed the NAFTA Secretariat to disseminate a "Notice of Suspension" of the ECC Proceedings, *see* Exhibit B, but the condition precedent for suspending proceedings under the ECC rules had not been met. Rule 67 of the ECC Rules permits a request for suspension in the unlikely circumstance that the two governments have completed dispute settlement procedures under NAFTA's Article 1905, but no such procedures have been initiated now or ever in the history of NAFTA.

22.    OFIA and OLMA did not consent to and were not consulted regarding any suspension of the ECC Proceedings.

23.    The ECC proceedings and the CVD Panel's decision, which confirmed that billions of dollars of countervailing duties on Canadian softwood lumber never should have been collected, are now in limbo. Meanwhile, the members of OFIA and OLMA continue having to pay hundreds of thousands of dollars every day in

countervailing duty cash deposits. Some of OFIA's and OLMA's members are nearing bankruptcy because of the cash deposit drain that has gone on for five years.

24.    The Government of Canada has breached the dispute settlement provisions of NAFTA's Article 1904 by failing to appoint ECC Members as and when required under NAFTA Annex 1904.13(1), and by refusing to do so.

25.    A final decision is required under the ECC Rules and NAFTA Annex 1904.13(2) by August 10, 2006 (*i.e.*, within 90 days following the establishment of the ECC). However, without any ECC Members appointed, the ECC cannot function and the arbitration pursuant to NAFTA Article 1904 cannot proceed. There is no one to decide whether the ECC proceedings have been suspended unlawfully and no one to decide whether the CVD Panel's decision should be upheld.

26.    The CVD ECC is in limbo, and so is the CVD Panel decision that would lead to (a) revocation of the countervailing duty order; (b) an end to the United States' collection of countervailing duty deposits; and (c) the return to Canadians of billions of dollars paid in countervailing duty deposits. The process of adjudicating the disposition of the cash deposits of OFIA's and OLMA's members is incomplete, and the status quo of paying to the United States countervailing duties under an invalidated order continues indefinitely.

27.    OFIA and OLMA initiated suit in the U.S. Court of International Trade ("CIT") against the United States and the U.S. Trade Representative, Rob Portman, on May 16, 2006, seeking a writ of mandamus ordering the United States to appoint its share of the ECC Members. *See Ontario Forest Industries Association et al. v. United States,* Petition for Writ of Mandamus, Case No. 06-156 (Pogue) filed May 16, 2006.

Through that action, Petitioners seek to compel the United States to appoint its members of the ECC so that the NAFTA Article 1904 arbitration proceedings will continue.

28.    OFIA and OLMA also filed an action on May 25, 2006 at the CIT against the Government of Canada under the Federal Arbitration Act seeking to compel arbitration. Petitioners are filing contemporaneously with this Petition a Motion to Stay these proceedings pending the outcome of the action at the CIT requesting an order to compel the Government of Canada to arbitrate.

29.    OFIA and OLMA gave Notice to the Government of Canada, in accordance with 9 U.S.C. § 4 and Rule 5(b) of the CIT Rules, on May 16, 2006 of their intent to file a Petition and a Motion to Compel Arbitration in the CIT. *See* Exhibit C.

## CLAIMS FOR RELIEF

### I.    PETITION TO COMPEL ARBITRATION

30.    Petitioners incorporate by reference paragraphs 1-30 above.

31.    The United States and the Government of Canada have provided for OFIA and OLMA to participate in arbitration proceedings under NAFTA Article 1904 determining the disposition of the cash deposits paid by OFIA's and OLMA's members pursuant to the United States' countervailing duty order on softwood lumber from Canada.

32.    The Government of Canada now chooses not to continue the arbitration by refusing to appoint the arbitrators who would sit as Members of the ECC reviewing the CVD Panel's decision.

33.    OFIA and OLMA are aggrieved by this failure to arbitrate because (a) they
are denied the finality of the CVD Panel decision which they won; (b) their members are
being denied the opportunity to obtain a refund of the countervailing duty deposits
already paid so long as the ECC does not become final; and (c) their members are
required to continue paying hundreds of thousands of dollars every day in countervailing
duty deposits because the pending Extraordinary Challenge has not become final, even
though the Governments of Canada and the United States are refusing to arbitrate such
that the proceedings ever could become final.

34.    OFIA and OLMA are entitled to an order directing that arbitration continue
as required by NAFTA Article 1904.

35.    Alternatively, OFIA and OLMA are entitled to the appointment of
arbitrators by this Court pursuant to 9 U.S.C. § 206 as otherwise would be required
under NAFTA Article 1904.

## RELIEF REQUESTED

36.    For the reasons set forth in this Petition, this Court should:

(a) direct the Respondents to continue arbitration by appointing
Canada's member(s) of the ECC in accordance with NAFTA Article 1904;
or

(b) failing the Respondents' appointment of Canada's ECC
member(s) within five days of an order from this Court, appoint member(s)
of the ECC on Canada's behalf so the arbitration proceedings may
continue; or

(c) provide such other and additional relief as the Court may find

appropriate under the circumstances.

Respectfully submitted,

_____
Elliot J. Feldman (D.C. Bar #418501)
John J. Burke (D.C. Bar #412861)
Michael S. Snarr (D.C. Bar #474719)
Ronald J. Baumgarten (D.C. Bar #474560)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: 202-861-1679
Fax: 202-861-1783
Counsel to the Ontario Forest Industries
Association and the Ontario Lumber
Manufacturers Association

Dated: this 30th day of May, 2006