# EXHIBIT C:

Notice of Petition and Motion to Compel Arbitration
In the Matter of the Arbitration: *Certain Softwood Lumber Products from Canada: Final Affirmative Countervailing Duty Determination*, NAFTA Secretariat No. ECC-2006-1904-01USA
dated May 16, 2006

UNITED STATES COURT OF INTERNATIONAL TRADE

---

In the Matter of the Arbitration: )
*Certain Softwood Lumber* )
*Products From Canada: Final* )
*Affirmative Countervailing Duty* )
*Determination*, NAFTA Secretariat )
No. ECC-2006-1904-01USA )
)
ONTARIO FOREST INDUSTRIES )
ASSOCIATION )
20 Toronto Street, Suite 950, Toronto, Ontario )
M5C 2B8; )
)
ONTARIO LUMBER MANUFACTURERS )
ASSOCIATION, )
210 - 65 Queen St. W., Toronto, Ontario M5H 2M5; )
)
)
Petitioners, )
)
and ) Court No. _____
)
GOVERNMENT OF CANADA; STEPHEN HARPER, )
PRIME MINISTER OF CANADA; DAVID EMERSON, )
MINISTER OF INTERNATIONAL TRADE; )
Respondents. )
)

---

## NOTICE OF PETITION AND MOTION TO COMPEL ARBITRATION

1.  The Ontario Forest Industries Association ("OFIA") and the Ontario Lumber Manufacturers Association ("OLMA") (collectively "Petitioners") hereby serve this Notice Of Petition And Motion To Compel Arbitration *In the Matter of Certain Softwood Lumber Products From Canada: Final Affirmative Countervailing Duty Determination*, NAFTA Secretariat No. ECC-2006-1904-01USA, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 4, 201 *et seq.* This Notice is being served at least five days

1

in advance of Petitioners' Petition and Motion to Compel Arbitration. All proceedings will transpire and all papers will be filed within the United States Court of International Trade.

2. By their Petition and Motion to Compel Arbitration, Petitioners will request the Court to compel the Government of Canada to proceed with arbitration in accordance with the terms of Article 1904 of the North American Free Trade Agreement ("NAFTA"), including the Rules of Procedure for Article 1904 Extraordinary Challenge Committees.

3. OFIA is a trade association with its headquarters at 20 Toronto Street, Suite 950, Toronto, Ontario M5C 2B8. OFIA's members produce softwood lumber and other forest products in the Province of Ontario, Canada and export softwood lumber products to the United States that are subject to the countervailing duty order against certain softwood lumber products from Canada.

4. OLMA, located at 210 - 65 Queen St. W., Toronto, Ontario M5H 2M5, is a trade association representing the interests of Ontario's independently-operated, non-integrated sawmills. Its members produce softwood lumber and other forest products in the Province of Ontario, Canada and export softwood lumber products to the United States that are subject to the countervailing duty order against certain softwood lumber products from Canada.

5. Petitioners, along with other Canadian interested parties, appealed the U.S. Department of Commerce's ("Commerce") countervailing duty order on softwood lumber from Canada to a NAFTA Article 1904 binational panel ("CVD Panel") on April 2, 2002, pursuant to 19 U.S.C. §1516a(g)(8)(A). NAFTA Article 1904 constitutes an

international arbitration agreement providing for "Review and Dispute Settlement in Antidumping and Countervailing Duty Matters."

6. The CVD Panel, after five remand determinations from Commerce over a four-year period, issued its final decision on March 17, 2006, affirming Commerce's finding that the countervailing duty margin on softwood lumber from Canada was *de minimis*. See *Certain Softwood Lumber Products from Canada. Final Affirmative Countervailing Duty Determination*, Secretariat File No. USA-CDA-2002-1904-03, Decision of Panel on the Fifth Remand Determination (Mar. 17. 2006). To date, Petitioners' members have paid to the United States hundreds of millions of dollars in cash deposits under a countervailing duty order that would be revoked *ab initio* should the CVD Panel's decision be upheld. They will continue to pay hundreds of thousands of dollars per day in cash deposits under the countervailing duty order until the CVD Panel's decision can be enforced.

7. The U.S. Section of the NAFTA Secretariat issued on March 28, 2006 a Notice of Final Panel Action in *Certain Softwood Lumber Products from Canada. Final Affirmative Countervailing Duty Determination*, Secretariat File No. USA-CDA-2002-1904-03. See Memo For Participants, Panelists and Assistants, Parties to the Agreement, Canadian and Mexican Secretaries from Caratina L. Alston, United States Secretary, Notice of Final Panel Action (Mar. 28, 2006).

8. Under NAFTA Article 1904.13, a NAFTA Party (*i.e.*, the United States, Canada, or Mexico) may file an extraordinary challenge to a final NAFTA binational

3

panel decision.[1] A Party must request the formation of an ECC within 30 days of a Notice of Final Panel Action. *See* Rule 37(1), Rules of Procedures for Article 1904.13 Extraordinary Challenge Committees ("ECC Rules").

9. NAFTA Annex 1904.13(2) provides that the ECC Rules shall be designed to result in final decisions within 90 days of the date on which an ECC is established. Under NAFTA Annex 1904.13(1), the ECC must be established within 15 days of a request. Each involved Party shall select one member from the ECC roster, and the involved Parties shall decide by lot which of them shall select a third member from the roster. *See* NAFTA Annex 1904.13(1).

10. The United States filed its request for an ECC ("CVD ECC") challenging the CVD Panel decision on April 27, 2006. *See Certain Softwood Lumber Products*

---

[1] NAFTA Article 1904.13 provides that:

> Where, within a reasonable time after the panel decision is issued, an involved Party alleges that:
>
> (a) (i) a member of the panel was guilty of gross misconduct, bias, or a serious conflict of interest, or otherwise materially violated the rules of conduct,
>
> (ii) the panel seriously departed from a fundamental rule of procedure, or
>
> (iii) the panel manifestly exceeded its powers, authority or jurisdiction set out in this Article, for example by failing to apply the appropriate standard of review, and
>
> (b) any of the actions set out in subparagraph (a) has materially affected the panel's decision and threatens the integrity of the binational panel review process,
>
> that Party may avail itself of the extraordinary challenge procedure set out in Annex 1904.13.

from Canada: *Final Affirmative Countervailing Duty Determination*, Secretariat File No. ECC-2006-1904-01USA, Request for an Extraordinary Challenge Committee (Apr. 27, 2006). Pursuant to NAFTA Annex 1904.13(1), the United States, through the United States Trade Representative ("USTR"), and Canada were required to name the CVD ECC members within 15 days of the U.S. request for an ECC, no later than May 12, 2006.[2] A final decision is required under NAFTA Annex 1904.13(2) and the ECC Rules by August 10, 2006, or 90 days following the establishment of the CVD ECC.

11. Canada and the United States on April 27, 2006 announced that they had reached a tentative agreement to settle the *Softwood Lumber* dispute. See USTR Press Release, U.S., Canada Reach Agreement on Lumber Dispute (Apr. 27, 2006), available at http://www.ustr.gov/Document_Library/Press_Releases/2006/April/US_Canada_Reach_Agreement_on_Lumber_Dispute.html. At a press conference in Washington, D.C., USTR stated that the United States and Canada had agreed to "suspend" the CVD ECC pending the outcome of the settlement negotiations. See Transcript of Remarks by USTR Portman, Minister David Emerson and Minister Maxime Bernier at the Softwood Lumber Agreement Announcement (Apr. 27, 2006),

---

[2] The requirements of NAFTA Annex 1904.13(1) are incorporated directly into U.S. law by section 402(a)(1)(E) of the NAFTA Implementation Act, 19 U.S.C. § 3432(a)(1)(E), which requires USTR to appoint members to the ECC "on the basis of the criteria provided in...paragraph 1 of Annex 1904.13...." USTR has exclusive authority to act on behalf of the United States in selecting individuals to be on the U.S. roster of potential ECC panelists and to appoint an individual to an ECC. See NAFTA Implementation Act, section 402(d)(1), 19 U.S.C. § 3432(d)(1). USTR already has named members to the ECC roster for the year beginning April 1, 2006. See NAFTA Secretariat, Roster for NAFTA Article 1904 Extraordinary Challenge Committees and Article 1905 Special Committees, available at http://www.nafta-sec-alena.org/DefaultSite/index_e.aspx?DetailId=615 (last modified April 4, 2006). Both the U.S. and Canadian rosters now have their full complement of five members from each country.

*available at*

http://www.ustr.gov/Document_Library/Transcripts/2006/April/Transcript_of_Remarks_by_USTR_Portman,_Minister_Emerson_Minister_Bernier_at_the_Softwood_Lumber_Agreement_Announcement.html.

12. OFIA and OLMA filed Notices of Appearance in the CVD ECC proceeding on May 5, 2006. The Government of Canada, provincial governments, and most other Canadian private parties filed Notices of Appearance on May 8, 2006.

13. The Government of Canada, along with the United States, failed to name members to the CVD ECC by May 12, 2006, as required by NAFTA Annex 1904.13(1). Instead, the two governments formalized their prior declaration by submitting a letter to the U.S. Section of the NAFTA Secretariat stating that they had agreed that the proceedings would be "suspended."

14. The two governments' failure to appoint three members to the CVD ECC has resulted in a failure to arbitrate under NAFTA Article 1904. They have denied Petitioners a final decision with respect to the disposition of hundreds of millions of dollars already paid, and have forced Petitioners' members to continue paying the United States hundreds of thousands of dollars every day pursuant to an invalid countervailing duty order.

15. Petitioners will move the Court to compel the Respondents to appoint the members of the CVD ECC or, alternatively, to appoint members of the ECC in their place.

16. This Notice of Petition and Motion to Compel Arbitration is being served to parties in the United States by certified mail and to parties in Canada by mail pursuant to Rule 5(b) of the U.S. Court of International Trade Rules of Procedure:

Minister of Justice and Attorney General of Canada
284 Wellington Street
Ottawa, Ontario
Canada, K1A 0H8

Hon. Stephen Harper
Office of the Prime Minister
80 Wellington Street
Ottawa, Ontario
Canada, K1A 0A2

Hon. David Emerson
Minister, International Trade Canada
Office of the Minister for International Trade Canada
125 Sussex Drive
Ottawa, Ontario
Canada, K1A 0G2

Ambassador Rob Portman
Office of the United States Trade Representative
600 17th Street, N.W.
Washington, DC 20508

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch, USDOJ
26 Federal Plaza
New York, New York 10278

Supervising Attorney
Civil Division, Commercial Litigation Branch
USDOJ
1100 L Street, N.W.
Washington, DC 20539

Alberto R. Gonzales
United States Attorney General
USDOJ
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Respectfully submitted,

_____
Elliot J. Feldman
Michael S. Snarr
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: 202-861-1679
Fax: 202-861-1783
Counsel to Ontario Forest Industries Association and Ontario Lumber Manufacturers Association

Dated: May 16, 2006